UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

    v.                                    1:06-cr-0407

CHRISTINE OWAD,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

Defendant Christine Owad moves pursuant to Fed. R. Crim. P. 41(g) for the return of property she claims was seized from her by the government.

**I.    FACTS**

The relevant facts are as follows. Defendant was indicted on six counts alleging mail fraud, credit card fraud, and identity theft. In or about June 2007, the Office of Inspector General for the Social Security Administration was contacted by Kary Reese who claimed to have been employed by Defendant. Reese advised that she was in possession of Defendant's computer and certain files belonging to her. The special agent reports that Reese advised that Defendant gave Reese a bag containing the computer and files because Defendant did not want the government to find those items.[1] A special agent from the Office of Inspector General obtained the files and computer from Reese. A search warrant was

---

[1] Defendant disputes that she gave Reese consent to take possession of the computer and files. Defendant does not, however, contend that Reese was acting as an agent of the government, thereby bringing the seizure within the protection of the Fourth Amendment. Def.'s Reply Mem. of Law at 1. For purposes of this motion, the Court finds only that the manner in which the property was obtained by the government did not violate the Fourth Amendment.

obtained for the computer. Defendant pled guilty in October 2007 and is currently awaiting sentencing. On December 3, 2007, the special agent returned to Defendant's attorney the computer and copies of the files. The only items retained by the special agent were false identification cards and credit cards that were used, or could be used, to perpetrate a crime. Defendant now seeks the return of the items in the government's possession.

## II.     DISCUSSION

Rule 41(g) applies to materials that have been unlawfully seized. See Bertin v. United States, 478 F.3d 489, 493 (2d Cir. 2007) ("[A] Rule 41(g) motion accrues when a party seeking return of his property discovered or had reason to discover that his property was improperly seized.") (internal quotation and citation omitted). Here, there is no evidence of an unlawful seizure by the government. The files and computer were taken by Reese (or given to her by Defendant), who then provided the items to the government. There is no indication that Reese obtained the files at the behest of the government or that the materials were otherwise improperly seized. There being no government action in the taking, there has been no unlawful seizure. Accordingly, Defendant is not entitled to relief under Rule 41(g).

Defendant also is not entitled to relief because she has failed to show that she is entitled to lawful possession of the property; that the property is not contraband; or that the government's need for the property has ended. The items retained by the government include credit cards or identification cards with false information thereon or credit cards that do not belong to Defendant. As such, Defendant has fail to demonstrate that she is entitled to lawfully possess these items, that she has been aggrieved by the deprivation of these

items, or that they are not contraband.  Finally, the government has a continuing need to possess these items pending the conclusion of the criminal matter.

With respect to the immigration files, the government contends that it never seized, and is not in possession of, any such files.  Absent any reason to believe that the government obtained such files, the motion in this regard is denied.

With respect to other files, the government has returned copies of files pertaining to Lilian Smith (the person whose name Defendant was using to fraudulently collect Social Security benefits).  The government has retained the originals because the criminal matter is still pending.  Although Defendant seeks return of the original folders kept by her, she fails to demonstrate why copies are insufficient or how she has been aggrieved by the government's retention of the originals pending sentencing.

### III.     CONCLUSION

For the foregoing reasons, the Rule 41(g) motion is DENIED.

IT IS SO ORDERED.

Dated: December 18, 2007

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge