**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

    **-against-**                           **06-CR-407**

**CHRISTINE OWAD,**
                         **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

### DECISION & ORDER

## I.  INTRODUCTION

On October 17, 2007, with the assistance of counsel, Defendant entered a plea of

"Guilty" to Count III of Indictment 06-CR-407 charging her with Social Security fraud in

violation of 18 U.S.C. § 641. See 10/17/07 Minute Entry.  The plea was entered pursuant

to a Plea Agreement between Defendant and the United States Attorney's Office. See Dkt.

# 24.

On December 18, 2007, the Court denied Defendant's motion for return of property.

See 12/18/07 Dec. & Ord., dkt. # 31.  On May 14, 2008, the Hon. R. Homer, United States

Magistrate Judge, revoked the order allowing Defendant to remain on pre-trial release.

See 05/14/08 Ord., dkt. 40.  On May 21, 2008, Gene Primomo, Esq, of the Office of the

Federal Public Defender for the Northern District of New York notified the Court that

Defendant wished to withdraw her plea of guilty.  Ltr, dkt. # 42.  No reason for the

application was given, but the letter stated that "[c]ounsel for the defendant does not join in the application." Id.  The Court held an initial hearing on Defendant's motion to withdraw her guilty plea on June 4, 2008. See 06/04/08 Minute Entry.  The Office of the Federal Public Defender was relieved for purposes of the withdrawal motion and substitute counsel, Gaspar Castillio, Esq.,  was appointed for Defendant.  Id.  Although the evidentiary hearing on this motion was originally scheduled to commence on June 11, 2008,  scheduling conflicts with the Court and counsels' trial calendar necessitated several adjournments.  In an effort to provide as swift a resolution of the matter as possible, the Hon. Lawrence E. Kahn, Senior United States District Judge, agreed to preside over the withdrawal motion and commenced an evidentiary hearing for this purpose on November 12, 2008.  At the hearing, Defendant withdrew her motion to withdraw her plea of guilty.  In this regard, the following colloquy occurred:

> MR. CASTILLO: Your Honor, if the Court please, if Miss Owad wants to speak for herself on this matter, I'll ask the Court to give her that opportunity, but it's my understanding, your Honor, from my conversation with Miss Owad, together with Mr. Primomo, that Miss Owad has reconsidered her position with respect to moving this Court for permission to withdraw her plea of guilty.
>
> There are many matters and many issues that she raises both in the paperwork that she had prepared and our conversations with her, and those are matters and issues that perhaps she may intend to continue her protests of. I'll just label that generally. But as it relates to her plea before this Court, it is my understanding that she is prepared to withdraw her motion to withdraw, to allow her plea to stand. And our request on her behalf would be that this matter proceed to sentencing as soon as possible.
>
> THE COURT: Okay. Mr. Primomo, you concur with what was just said, I gather?
>
> MR. PRIMOMO: I do, your Honor.
>
> THE COURT: And Miss Owad, is there anything you wish to add to that, and

say whatever you wish?

THE DEFENDANT: Your Honor, I wish to thank the Court for the Court's time, and I have reconsidered my position. After reconsidering my position, I'm confirming what Mr. Castillo said I'm withdrawing my plea, and by reconsidering my position withdrawing my plea, I will move to the next step, I believe, in the procedure which will be the sentencing. I would like to ask the Court as soon as possible. I have a farm. I have no electric. The pipes are going to freeze. Everything is -- I need to get home.

THE COURT: I understand that, certainly. Go ahead.

THE DEFENDANT: This is all I wish to say. And I want to thank the Court for the opportunity of having me here and explain my position.

THE COURT: Certainly, you have a right to be here. And any Judge would have done the same thing. And as I understand it by what you said and what was said by your attorneys at the moment you're going to withdraw your motion to withdraw the guilty plea, am I correct?

THE DEFENDANT: Yes, your Honor.

 THE COURT: And you understand that the plea of guilty now stands and is valid. You're not -- at this point in time you're not challenging it. And you accept the plea of guilty that you made to be correct and you still state that you are guilty to the charges as were set forth against you?

THE DEFENDANT: Yes, your Honor.

THE COURT: And you were not coerced to do this by either attorney, is that correct? Did you do this on your  own? You discussed it with them, obviously, and they  explained your rights, but are you doing this voluntarily and -- is that correct?

THE DEFENDANT: Yes, your Honor, voluntarily.  I was not coerced by either attorney.

THE COURT: No one in anyway threatened you or made any promises of leniency to you, am I correct?

THE DEFENDANT: Yes, your Honor, no, no promises were made.

THE COURT: Sure.

THE DEFENDANT: It was my decision.

3

THE COURT: Sure. I want to make sure it was your decision; that's what counts.

THE DEFENDANT: Yes, sir.

Nov. 12, 2008 Transcript, pp 6-8.

Despite the assurances given by Defendant to Judge Kahn on November 12, 2008 that she wanted to withdraw her application to withdraw her guilty plea, on November 14, 2008, Defendant wrote to Judge Kahn saying that she could not "go through with this. I am changing my position to my original position of going to trial. I have too much respect for our legal system. Especially in view of the events of the last 24 hours. I don't want to go down in history having made the wrong decision - a Neville Chamberlain decision, not a Winston Churchill decision, another Munich. . . . I will be proceeding Pro Se, as before." Ltr., dkt. # 65. The Court has no knowledge of the "events of the last 24 hours" to which Defendant refers.

## II.    DISCUSSION

Defendant made a knowing, voluntary, and informed decision to withdraw her motion to withdraw her guilty plea. The decision was not made on the spur of the moment, and was accepted only after Judge Kahn inquired of Defendant as to whether she desired to withdraw the motion, and only after Defendant was given every opportunity to go forward on the motion. The interests of justice and all those affected by this matter, including Defendant and the public, require finality. Defendant cannot proceed on a whim, changing her mind at every juncture of this case.

Further, and more importantly, the Court finds no meritorious basis for Defendant to withdraw her guilty plea. She has not shown "a fair and just reason for requesting the

withdrawal." <u>United States v. Adams</u>, 448 F.3d 492, 498 (2d Cir. 2006) (quoting

21 Fed. R. Crim. P. 11(d)(2)(B)). She has not demonstrated her legal innocence in the

motion to withdraw the guilty plea, and, based on her sworn statements at the time of the

plea, she had not raised a significant question about the voluntariness of the original plea.

<u>United States v. Schmidt</u>, 373 F.3d 100, 102-03 (2d Cir. 2004); <u>see</u> <u>United States v.</u>

<u>Hernandez</u>, 242 F.3d 110, 112 (2d Cir. 2001)(The court may "rely upon the defendant's

sworn statements, made in open court . . . that he understood the consequences of his

plea" in deciding whether to grant the defendant's motion to withdraw his guilty plea.).

In light of these considerations, Defendant's application to withdraw her consent to

withdraw her motion to withdraw her guilty plea is **DENIED**. **<u>Sentencing will proceed on</u>**

**<u>December 8, 2008 at 11:30 a.m. in Albany, New York as previously scheduled</u>**.


**IT IS SO ORDERED**

**DATED:** November 20, 2008


Thomas J. McAvoy
Senior, U.S. District Judge